UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV00432 AGF |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, a Municipal Corporation, and CHRIS HENDRICKS, Supervisor, City of St. Louis Forestry Division, in his individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on Plaintiff's motion for reconsideration of the Court's Memorandum and Order dated May 12, 2006, granting Defendants summary judgment on Plaintiff's disparate treatment claims. Johnnie Hill, an African-American, filed this action against his former employer, the City of St. Louis, and his former supervisor, Chris Hendricks, in his individual and official capacities. Plaintiff claims that when he was under Hendricks' supervision, he was subjected to racially disparate treatment and a hostile work environment. Plaintiff alleges that Defendants engaged in a pattern and practice of favoring white employees over black employees, including Plaintiff, when making job assignments and disciplining employees. Plaintiff sought relief under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964.

The Court denied Defendants' motion for summary judgment on Plaintiff's hostile work environment claim, but granted the motion on his disparate treatment claim. Upon analyzing the current law with respect to this element in a disparate treatment claim, this Court concluded that Plaintiff's asserted adverse employment actions -- namely, being assigned to less desirable tasks which were included in Plaintiff's job description, and receiving poor performance ratings and "verbal counselings" which did not detrimentally alter the terms or conditions of Plaintiff's employment -- did not constitute adverse employment actions. The Court concluded that Plaintiff failed to establish that he has suffered an "adverse employment action," an element of a prima facie case of a disparate treatment claim. The Court noted, however, that the contours of this element in the context of a Title VII retaliation claim was then being considered by the United States Supreme Court in a case from the Sixth Circuit, <u>White v. Burlington Northern & Santa Fe Railway Co</u>., 364 F.3d 789 (6th Cir. 2004) and the trial was delayed to permit a ruling by the Supreme Court.

On June 22, 2006, the Supreme Court decided <u>White</u>. The Court held that the "adverse action" requirement of a Title VII retaliation claim covers not only an employer's actions that affect the terms, conditions, or status of employment, but other adverse actions as well, so long as the actions were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 126 S. Ct. 2405, 2409 (2006). The Court specifically held that Title VII's anti-retaliation provision was

2

broader than the statute's substantive discrimination provision. The Court explained that this was so in light of the different purposes, as well as the different statutory language, of the two provisions. Id. at 2411-13. This Court concludes that White does not call into question the validity of the case law that has developed on the issue of what constitutes an "adverse employment action" for purposes of a disparate treatment claim. Upon review of the record in the present case, the Court reaffirms its grant of summary judgment to Defendants on Plaintiff's disparate treatment claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration filed on August 8, 2006, is **DENIED**. [Doc. #39] The case is set for trial on October 23, 2006.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of September, 2006.